T.C. Memo. 2016-96

UNITED STATES TAX COURT

JOHNNY LARA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13455-14.                    Filed May 12, 2016.

Johnny Lara, pro se.

<u>Paulmikell A. Fabian</u>, <u>Catherine G. Chang</u>, and <u>Mark A. Nelson</u>, for
respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

ASHFORD, <u>Judge</u>:  Respondent determined a deficiency of $1,000 in

petitioner's Federal income tax for the 2011 taxable year.  The issue for decision is

**[*2]** whether petitioner is entitled, for 2011, to the American Opportunity Tax

Credit under section 25A.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of

facts and the attached exhibits are incorporated herein by this reference. Petitioner

resided in California at the time the petition was filed with the Court.

In 2011 petitioner was enrolled as a full-time student at the University of

Phoenix. He qualified for tax-free educational benefits under the Post-9/11 GI

Bill, including the Yellow Ribbon GI Education Enhancement Program,[2] and

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]The Post-9/11 Veterans Educational Assistance Act of 2008, also known as the Post-9/11 GI Bill, became law on June 30, 2008. Supplemental Appropriations Act, 2008, Pub. L. No. 110-252, 122 Stat. 2323. The Post-9/11 GI Bill created a new chapter 33 in title 38 of the United States Code, expanding the educational benefits for individuals who have served on active duty after September 10, 2001. The Yellow Ribbon GI Education Enhancement Program is a provision of the Post-9/11 GI Bill designed to assist veterans in bridging the educational cost gap by allowing for participating educational institutions to provide additional funding for educational costs not covered by the Post-9/11 GI Bill. See 38 U.S.C. sec. 3317 (2012). Pursuant to 38 U.S.C. sec. 5301(a)(1), and cross-referenced by sec. 140(a)(3), veterans' benefits authorized by law under title 38 of the United States Code and administered by the Department of Veterans Affairs, including the Post-9/11 GI Bill, are exempt from Federal taxation. See

(continued...)

[*3] during 2011, the Department of Veterans Affairs paid $11,748 directly to the University of Phoenix on his behalf. Because this amount covered all of his tuition and related educational expenses, petitioner did not incur any student loan debt or receive any scholarships for 2011.

The University of Phoenix issued petitioner a Form 1098-T, Tuition Statement, for 2011, which reflected his student status as at least half-time and the total payment of $11,748 received for qualified tuition and related expenses. Petitioner provided this form to his tax preparer, Rene Lopez of Lopez R Enterprises, who ultimately prepared and timely filed petitioner's Form 1040, U.S. Individual Income Tax Return, for 2011.

Petitioner's 2011 return reported wages, tips, and other compensation of $3,011, two exemptions (one for himself and the other for his minor son), and Federal income tax withheld of $382. The return also claimed the standard deduction for head of household status, an earned income credit and an additional child tax credit totaling $1,031, and an American Opportunity Tax Credit of

---

[2](...continued)
Wallace v. Commissioner, 128 T.C. 132 (2007) (construing 38 U.S.C. sec. 5301 as applying to a veterans' benefit authorized under title 38).

[*4] $1,000.[3]  The $11,748 paid by the Department of Veterans Affairs directly to the University of Phoenix for petitioner's tuition and related expenses was not reported on the return.

On May 14, 2014, respondent mailed petitioner a notice of deficiency disallowing his claimed $1,000 American Opportunity Tax Credit because "[n]o educational institution reported to us on Form 1098-T, Tuition Statement, that you paid or were billed qualified tuition and related expenses during the taxable year." On June 9, 2014, petitioner timely filed a petition with this Court disputing the disallowance.

OPINION

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Tax deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed.  Segel v.

---

[3]In support of the American Opportunity Tax Credit, attached to petitioner's return was Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits).  Part I of the form indicates petitioner's son as the eligible student.  Petitioner's son was born in 2009.  At trial petitioner testified that he did not know why his son's name was indicated there, rather than his name, because he was the eligible student, not his son.

[*5] <u>Commissioner</u>, 89 T.C. 816, 842 (1987). Petitioner does not contend that the burden of proof should shift to respondent under section 7491(a), nor has he established that the requirements for shifting the burden of proof have been met. Accordingly, the burden of proof remains on petitioner. <u>See</u> sec. 7491(a)(2).

Section 25A authorizes an American Opportunity Tax Credit[4] equal to "(A) 100 percent of so much of the qualified tuition and related expenses <u>paid</u> by the taxpayer during the taxable year (for education furnished to the eligible student during any academic period beginning in such taxable year) as does not exceed $2,000, plus (B) 25 percent of such expenses so paid as exceeds $2,000 but does not exceed $4,000." Sec. 25A(i)(1) (emphasis added). Up to 40% of the credit may be refundable. Sec. 25A(i)(6).

In determining the amount of the credit, qualified tuition and related expenses for any academic period must be reduced by certain tax-free educational assistance allocable to such period. Sec. 25A(g)(2); sec. 1.25A-5(c)(1), Income Tax Regs. For this purpose, the term "tax-free educational assistance" means (1) a qualified scholarship that is excludable from income under section 117; (2) a veterans' or member of the armed forces' educational assistance allowance under

---

[4]The American Opportunity Tax Credit is a modified version of the Hope Scholarship Credit. Sec. 25A(i)(1).

[*6] chapter 30, 31, 32, 34 or 35 of title 38 of the United States Code, or under chapter 1606 of title 10 of the United States Code; (3) employer-provided educational assistance that is excludable from income under section 127; or (4) any other educational assistance that is excludable from gross income (other than as a gift, bequest, devise, or inheritance within the meaning of section 102(a)). Sec. 25A(g)(2); sec. 1.25A-5(c)(1), Income Tax Regs.

This case involves an honest misunderstanding of the law. Petitioner honestly believed that he was entitled to the American Opportunity Tax Credit for 2011 because of his full-time student status and receipt of a Form 1098-T from the University of Phoenix for 2011. Although petitioner was indeed an eligible student, the parties stipulated and petitioner again acknowledged when he testified at trial that he paid no qualified tuition and related expenses; but rather, his tuition and related expenses were paid directly to the University of Phoenix by the Department of Veterans Affairs on account of his eligibility for benefits under the Post-9/11 GI Bill, including the Yellow Ribbon GI Education Enhancement Program. Furthermore, on account of the application of section 25A(g)(2), petitioner is treated as having paid zero in qualified tuition and related expenses because the Post-9/11 GI Bill benefits, including the Yellow Ribbon GI Education Enhancement Program benefits, provided to him by the Department of Veterans

[*7] Affairs are tax-free educational assistance under section 25A(g)(2)(C) and section 1.25A-5(c)(iv), Income Tax Regs., see supra note 2, and these benefits covered the entire cost of petitioner's attendance at the University of Phoenix. We hold that petitioner is not entitled to the American Opportunity Tax Credit for 2011, and we thus sustain respondent's disallowance of this credit.

To reflect the foregoing,

Decision will be entered for respondent.