T.C. Summary Opinion 2016-49

UNITED STATES TAX COURT

DIRAN LI, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6913-15S.                            Filed August 29, 2016.

Diran Li, pro se.

<u>Bryant W. Smith</u>, for respondent.

SUMMARY  OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 in effect when the petition was filed.[1]  Pursuant to section 7463(b),

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code, as amended and in effect for the taxable year 2012.  All monetary
amounts are rounded to the nearest dollar.

the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $2,500 in petitioner's Federal income tax for 2012. Petitioner filed a timely petition for redetermination with the Court pursuant to section 6213(a). At the time the petition was filed, petitioner resided in California.

The sole issue for decision is whether petitioner is entitled to education credits under section 25A for the taxable year 2012.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated herein by this reference.

## I. Petitioner's Background

Petitioner is a citizen of Canada. He was a full-time student at the University of Waterloo in Ontario, Canada, from 2008 until he graduated in June 2012 with a bachelor's degree in mathematics. The University of Waterloo was accredited by the Canadian Association for Cooperative Education and recognized as an institution eligible to participate in the Federal Family Educational Loan program by the U.S. Department of Education. The University of Waterloo issued petitioner a Canada Revenue Agency Form T2202A, Tuition, Education, and

Textbook Amounts Certificate, reporting that he paid $5,123 in education expenses in 2012.

The University of Waterloo operates on a trimester system and encourages its students to take short-term paid positions or internships in their chosen fields each academic year. In this regard, petitioner obtained temporary employment in the United States in 2010 and 2011. He was present in the United States and employed by Pitney Bowes, Inc., as a "security developer" from May 1 to August 28, 2010. He was again present in the United States from January 4 to April 30, 2011, while employed by Minted, LLC, as a software engineer intern.

In 2012 petitioner was present in the United States from February 22 to 24, and from March 15 to 17 for job interviews. He subsequently accepted a position as a software development engineer with Microsoft Corp. and was present in the United States from July 1 to December 21, 2012. He then traveled to Canada to celebrate the holidays and returned to the United States in early January 2013. Petitioner was not married during the period in question.

## II. Petitioner's Tax Returns

Petitioner filed Forms 1040NR, U.S. Nonresident Alien Income Tax Return, for the taxable years 2010 and 2011, and a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2012. On his Form 1040 for 2012 petitioner

reported wage income of $42,883. He attached to his tax return a Form 8863, Education Credits (American Opportunity and Lifetime Learning Credits), and claimed a nonrefundable education credit of $1,500 and a refundable education credit of $1,000 on lines 49 and 66 of his tax return, respectively.

III. The Parties' Positions

Respondent maintains that petitioner first qualified as a resident alien of the United States on February 22, 2012 (when he first met the substantial presence test prescribed in section 7701(b)(3)), and, because he was a nonresident alien for a portion of the taxable year, in accordance with the provisions of section 25A(g)(7) he is not entitled to education credits.

Petitioner relies on instructions that the Internal Revenue Service (IRS) published to assist taxpayers in completing Form 8863. He asserts that, because he satisfied the substantial presence test during 2012, he is entitled to the education credits in dispute.

## Discussion

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Tax deductions and credits are a matter of legislative grace,

and the taxpayer bears the burden of proving entitlement to any deduction or credit claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under certain circumstances, the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Although petitioner has not alleged that section 7491(a) applies, the facts material to the disposition of this case are not in dispute. Consequently, the placement of the burden of proof is a moot point.

## I. Section 25A--Education Credits

Section 25A authorizes education tax credits, including the Lifetime Learning Credit (prescribed in subsection (c)) and the American Opportunity Credit (prescribed in subsection (i)), the latter representing a modified version of the Hope Scholarship Credit prescribed in subsection (b).[2] The tax credits are available to taxpayers who pay qualified tuition and related expenses for education furnished to an eligible student. The American Opportunity Credit is equal to the sum of 100% of so much of the qualified tuition and related expenses as does not exceed $2,000, plus 25% of such expenses so paid as exceeds $2,000 but does not

---

[2] Sec. 25A was enacted as part of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, sec. 201(a), 111 Stat. at 799.

exceed $4,000. Sec. 25A(i)(1). Up to 40% of the credit may be refundable. Sec.

25A(i)(5); see Lara v. Commissioner, T.C. Memo. 2016-96.

In general terms, education credits are available to an "eligible student" as

that term is defined in section 25A(b)(3).[3] There is no dispute that petitioner

would otherwise qualify as an eligible student. Section 25A, however, limits the

availability of education credits to a nonresident alien. Specifically, section

25A(g)(7) provides:

> (7) Nonresident aliens.--If the taxpayer is a nonresident alien individual for any portion of the taxable year, this section shall apply only if such individual is treated as a resident alien of the United States for purposes of this chapter by reason of an election under subsection (g) or (h) of section 6013.

Subsections (g) and (h) of section 6013 permit a nonresident alien individual who

is married to a citizen or resident of the United States to join with his or her spouse

---

[3]Sec. 25A(b)(3) provides as follows:

> (3) Eligible student.--For purposes of this subsection, the term "eligible student" means, with respect to any academic period, a student who--

> > (A) meets the requirements of section 484(a)(1) of the Higher Education Act of 1965 (20 U.S.C. 1091(a)(1)), as in effect on the date of the enactment of this section, and

> > (B) is carrying at least 1/2 the normal full-time work load for the course of study the student is pursuing.

in making an election to be treated as a resident of the United States. This election is not available to petitioner, however, because he was not married to a citizen or resident of the United States during the period in question. Consequently, if petitioner was a nonresident alien for any portion of the taxable year 2012, as respondent contends, then he is ineligible to claim the education credits in dispute.

## II. Resident and Nonresident Alien Status

The term "resident alien" is defined in section 7701(b)(1)(A), which provides that an alien individual shall be treated as a resident of the United States with respect to any calendar year if that individual (1) is a lawful permanent resident of the United States at any time during that calendar year, (2) meets the substantial presence test, or (3) makes the first-year election prescribed in section 7701(b)(4). Section 7701(b)(1)(B) defines a "nonresident alien" as an individual who is neither a citizen of the United States nor a resident of the United States within the meaning of section 7701(b)(1)(A).

As a general rule, an individual meets the substantial presence test if: (1) he was present in the United States on at least 31 days in the current year and (2) the sum of the number of days on which he was present in the United States during the current year, one-third of the days he was present in the United States in the first preceding year, and one-sixth of the days he was present in the United States in the

second preceding year equals or exceeds 183 days. Applying this formula, the parties agree that petitioner qualified as a resident alien of the United States in calendar year 2012 because he satisfied the substantial presence test set forth in section 7701(b)(3).[4]

Section 7701(b)(2)(A), which establishes special rules governing an alien individual's first year of residency in the United States, provides in relevant part as follows:

> (A) First year of residency.--
>
>> (i) In general.--If an alien individual is a resident of the United States under paragraph (1)(A) with respect to any calendar year, but was not a resident of the United States at any time during the preceding calendar year, such alien individual shall be treated as a resident of the United States only for the portion of such calendar year which begins on the residency starting date.

---

[4]Petitioner does not contend that he was a lawful permanent resident of the United States in 2012, see sec. 7701(b)(1)(A)(i), (6), or that he qualified (or attempted) to make the first-year election prescribed in sec. 7701(b)(4). Among other requirements, the latter election is not available to an alien individual who is a resident of the United States for a calendar year under sec. 7701(b)(1)(A)(ii) (i.e., an individual who meets the substantial presence test).

We further note that the record suggests that petitioner entered the United States on J-1 visas (exchange visitor program) in 2010 and 2011. Although petitioner's student/visitor status raises the question whether petitioner was an "exempt individual" within the meaning of sec. 7701(b)(5) in 2010 and 2011, we need not consider that question given that we conclude that he is not entitled to the education credits in dispute in any event.

\* \* \* \* \* \* \*

(iii) Residency starting date for individuals meeting substantial presence test.--In the case of an individual who meets the substantial presence test of paragraph (3) with respect to any calendar year, the residency starting date shall be the first day during such calendar year on which the individual is present in the United States.

In sum, section 7701(b)(2)(A)(i) provides that if petitioner was not a resident of the United States in 2011, he will be treated as a resident of the United States in 2012 only for the portion of the year which begins on the residency starting date. Inasmuch as the parties agree that petitioner was a resident of the United States in 2012 under the substantial presence test, section 7701(b)(2)(A)(iii) provides that his residency starting date would be the first day in 2012 that he was present in the United States.

Petitioner does not contend nor did he attempt to show that in 2011 he was a lawful permanent resident of the United States, see sec. 7701(b)(1)(A)(i), (6), that he qualified for or attempted to make the first-year election prescribed in section 7701(b)(4), or that he satisfied the substantial presence test. Under the circumstances, it follows that petitioner's residency starting date under section 7701(b)(2)(A)(i) and (iii) was February 22, 2012--the first day that he was present in the United States in 2012. Because petitioner was a nonresident alien for a

portion of 2012, we sustain respondent's determination, consistent with the statutory regime outlined above, that petitioner is not entitled to the education credits in dispute.

As a final matter, we note that petitioner's reliance on instructions that the IRS published to assist taxpayers in completing Form 8863 is misplaced. Whatever ambiguity might be found in those instructions cannot affect the operation of the tax statutes or petitioner's obligations thereunder.  See Weiss v. Commissioner, 129 T.C. 175, 177 (2007) (citing Casa De La Jolla Park, Inc. v. Commissioner, 94 T.C. 384, 396 (1990)) (explaining that tax form instructions cannot be relied upon as authoritative sources of law).

To reflect the foregoing,

Decision will be entered for respondent.