T.C. Summary Opinion 2017-91

UNITED STATES TAX COURT

STEVE PEMBERTON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13276-16S.     Filed December 18, 2017.

Steve Pemberton, pro se.

<u>Michael E. D'Anello</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not

_____

[1]Unless otherwise indicated, subsequent section references are to the

(continued...)

reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated March 14, 2016, respondent determined a deficiency of $5,816 in petitioner's 2013 Federal income tax and a section 6662(a) accuracy-related penalty of $1,163.

The issues for decision are: (1) whether petitioner is entitled to deductions for education expenses for his jurisprudence degree for 2013; (2) in the alternative, whether petitioner is entitled to claim an education credit for 2013; and (3) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for the year in issue.[2]

## Background

Petitioner resided in Massachusetts when the petition was timely filed.

I. Education Background and Travel

In 2004, while still in high school, petitioner began taking classes at College of the Canyons (COC), a community college in Santa Clarita, California. He

---

[1](...continued)
Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round monetary amounts to the nearest dollar.

[2]Other adjustments made in the notice of deficiency are computational and need not be addressed.

received his high school diploma in 2005. From 2005 to 2007 he attended COC as a full-time student. In 2007 he received an associate's degree in transfer studies from COC, which allowed him to transfer to a four-year institution. He continued to take classes at COC until 2011.[3]

In 2008 petitioner began taking classes at California State University, Northridge (CSUN) in pursuit of a political science degree. He attended CSUN at least part time from 2008 to 2010. He did not receive a degree from CSUN.

In 2012 petitioner applied for admission to several universities in England. He was accepted to and enrolled in St. John's College at the University of Oxford (St. John's) in England, attending from 2012 to 2015. He studied jurisprudence at St. John's, taking classes in British criminal law, British constitutional law, Roman law, torts, trusts, land law, administrate law, European Union law, and jurisprudence. He completed all of his coursework for St. John's in England.

During 2013 petitioner was physically present at St. John's during the following days: (1) January 10 through March 16; (2) April 18 though June 23; and (3) October 6 through December 11 (fall term), spending a total of 200 days in England. His meals and accommodation were furnished by St. John's, and he paid St. John's directly for these expenses. At the end of the fall term petitioner

---

[3]Petitioner was also employed during this time, as discussed <u>infra</u> part II.

traveled to France for six days. In 2013 he returned to California between academic terms and was in California during the days he was not in England or France.

In 2015 petitioner received a bachelor of arts degree in jurisprudence (described as an undergraduate degree in law) from St. John's. Petitioner's jurisprudence degree qualified him to immediately participate in the Practice Course (for solicitors) or the Bar Professional Training Course (for barristers) in England. It appears that after completing his jurisprudence degree in 2015 petitioner returned to the United States.[4]

## II.    Professional Background

Petitioner began working as a tutor in 2005. In 2013 he was still employed as a tutor, providing online tutoring services as an employee for the test preparation companies Princeton Review, Veritas Prep, and Manhattan Prep. Petitioner also provided online tutoring services as an independent contractor through his business Brink Education. Petitioner provided tutoring services for students preparing for the following examinations: (1) SAT exam; (2) ACT exam;

---

[4]At trial petitioner testified that he did not obtain a visa to work in England after he graduated from St. John's in 2015. He testified that even if he had applied for a visa, "I had a news article that shows the visa cycle had filled up and no visas were being accepted for that month * * * I may not have even had the ability to obtain a visa."

(3) graduate record examination (GRE); (4) graduate management admission test (GMAT); (5) law school admission test (LSAT); and (6) advanced placement (AP) exams in the subjects of history and economics.

In 2013 petitioner provided online tutoring services while in California and while in England. The test preparation companies petitioner worked for in 2013 (as an employee and as an independent contractor) were not aware that he was pursuing a jurisprudence degree. In 2013 petitioner also started working as a test proctor for ArborBridge, performing some of his work as an independent contractor while in England.

III.    2013 Income Tax Return

Petitioner timely prepared and electronically filed a 2013 Form 1040, U.S. Individual Income Tax Return, on April 15, 2014. Petitioner reported wage income of $35,437 and claimed the standard deduction; he did not attach a Schedule A, Itemized Deductions. On the attached Schedule C, Profit or Loss From Business, petitioner reported $14,438 in gross receipts from his "tutoring" activities.[5] Petitioner also claimed deductions of $36,682 in expenses on his Schedule C, which included $27,211 for education expenses, $1,688 for meals and

_____

[5]This includes petitioner's income from his tutoring company Brink Education and his income as a test proctor for ArborBridge. Petitioner earned approximately $1,800 for his work as a test proctor in 2013.

entertainment expenses, and $2,913 for travel expenses. The $36,682 in deductions claimed resulted in a reported Schedule C loss of $22,244, which offset petitioner's wage income reported on the 2013 Form 1040. Petitioner's 2013 Form 1040 reflected tax of $328, withholding of $4,250, an earned income tax credit of $74, and an overpayment of $3,996. Petitioner did not claim an American Opportunity Credit or a Lifetime Learning Credit for 2013.

IV.    Notice of Deficiency and Trial

In the notice of deficiency respondent disallowed petitioner's claimed deductions for education expenses, meals and entertainment, and travel, totaling $31,812.[6] Petitioner asserts that the claimed deductions are ordinary and necessary business expenses relating to all of his activities as a tutor and a test proctor, which include not only his activity as an independent contractor but also his activity as an employee.

The parties stipulated copies of petitioner's 2013 billing statements from St. John's, which reflect a number of charges, including the following dated September 26, 2013:  (1) a "College Fee 2013/2014" for £6,465[7] and

_____

[6]$27,211 education expenses + $1,688 meals and entertainment expenses + $2,913 travel expenses = $31,812.

[7]The amounts are reflected in United Kingdom (U.K.) pounds.

(2) a "University Fee 2013/2014 " for £13,860. Petitioner also introduced into evidence a copy of a "battel statement"[8] which reflects the following payments he made to St. John's in 2013:

| Date received | Amount |
|---|---|
| Jan. 14 | £1,904 |
| Apr. 15 | 2,007 |
| Oct. 14 | 7,868 |
| Dec. 27 | 6,860 |
| Total | 18,639 |

The parties also stipulated copies of petitioner's bank account statements for 2013, which reflect several payments which petitioner asserts were for "travel/airfare".

Discussion

I.   Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction or credit claimed.

---

[8]It appears that "battel statements" is a term used by St. John's for billing statements.

Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must comply with specific requirements for any deductions claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. at 440. Taxpayers must also maintain adequate records to substantiate the amounts of any credits and deductions. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner did not allege or otherwise show that section 7491(a) applies. See sec. 7491(a)(2)(A) and (B). Therefore, petitioner bears the burden of proof. See Rule 142(a).

II. Education Expenses

Petitioner claimed deductions for education, meals and entertainment, and travel expenses for his studies at St. John's in 2013. Petitioner asserts that these expenses relate to all of his activities as a tutor and test proctor although he did not provide a detailed explanation as to the allocation of these expenses to work as an employee versus work as an independent contractor. Respondent asserts that petitioner's expenses are not deductible under section 162 for the following reasons: (1) petitioner did not prove that they are ordinary and necessary business expenses; (2) petitioner's jurisprudence degree did not maintain or improve skills

required by his employment; and (3) petitioner's jurisprudence degree qualified him for a new trade or business.

A.    Ordinary and Necessary

Section 162(a) generally allows deductions for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  In general, no deduction is permitted for personal, living, or family expenses.  Sec. 262(a).  Generally, the performance of services as an employee constitutes a trade or business.  Primuth v. Commissioner, 54 T.C. 374, 377 (1970).[9]  The taxpayer bears the burden of proving that expenses were of a business nature rather than personal and that they were ordinary and necessary. Rule 142(a); Welch v. Helvering, 290 U.S. at 115.

Generally, for an expenditure to be an ordinary and necessary business expense, the taxpayer must show a bona fide business purpose for the expenditure; there must be a proximate relationship between the expenditure and the business of the taxpayer.  Challenge Mfg. Co. v. Commissioner, 37 T.C. 650, 659-660

---

[9]A taxpayer may deduct unreimbursed employee expenses incurred only as miscellaneous itemized deductions on Schedule A, and then only to the extent such expenses exceed 2% of the individual's adjusted gross income.  Secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a).  Itemized deductions may be limited under the overall limitations on itemized deductions under sec. 68 and may have an alternative minimum tax implication under sec. 56(b)(1)(A)(i).

(1962); Henry v. Commissioner, 36 T.C. 879, 884 (1961); sec. 1.162-1(a), Income Tax Regs.  Whether an expenditure is ordinary and necessary is usually a question of fact.  Commissioner v. Heininger, 320 U.S. 467, 475 (1943).  An ordinary expense is "of common or frequent occurrence in the type of business involved." Deputy v. du Pont, 308 U.S. at 495; see also Boser v. Commissioner, 77 T.C. 1124, 1132 (1981), aff'd without published opinion (9th Cir. Dec. 22, 1983).

A necessary expense is appropriate and helpful in carrying on the trade or business.  Commissioner v. Heininger, 320 U.S. at 471; Heineman v. Commissioner, 82 T.C. 538, 543 (1984).  "Necessary" has been construed to mean "appropriate" or "helpful," not "indispensable" or "required."  Ford v. Commissioner, 56 T.C. 1300, 1306 (1971), aff'd, 487 F.2d 1025 (9th Cir. 1973); see also Boser v. Commissioner, 77 T.C. at 1132.  "[A] requirement inherent in the concept of 'necessary' is that any payment asserted to be allowable as a deduction must be reasonable in relation to its purpose.  To the extent that an expense is unreasonable, it is not necessary."  Boser v. Commissioner, 77 T.C. at 1133.

In Boser v. Commissioner, 77 T.C. at 1125, the taxpayer was employed by United Airlines as a second officer aboard a large jet aircraft.  Second officers did not fly the aircraft but were required to (1) have a commercial pilot's license when hired and (2) "be thoroughly familiar with the duties of the other crew members",

including the first officer, who flew the aircraft. Id. at 1125-1126. Second officers were not required to receive additional training or practice flying although this was not discouraged; and some second officers would practice flying light aircraft, which could increase the chances of promotion to first officer. Id. During the year in issue the taxpayer purchased a Cessna 210, a light aircraft, and sought to deduct the costs of approximately 80 flights as an ordinary and necessary business education expense. Id. at 1126-1129. The Court concluded, among other things, that the taxpayer's expenses were not reasonable, because had the taxpayer's "sole objective been to secure the flying experience needed to maintain his skills, such experience could have been secured much more simply and less expensively by merely renting a plane from time to time." Id. at 1133.

Petitioner testified that his jurisprudence degree "was heavily related to my LSAT and GMAT tutoring, since critical reasoning is a component of each of those exams * * * a large component."[10] Petitioner has neither asserted nor established that obtaining a jurisprudence degree in England is of common or frequent occurrence within either the test preparation tutoring industry or the test

---

[10]It is unclear from the record whether petitioner performed his LSAT and GMAT tutoring as an employee and/or as an independent contractor.

proctoring industry, and thus has not established that the expense is reasonable. See Deputy v. du Pont, 308 U.S. at 495; Boser v. Commissioner, 77 T.C. at 1132.

Further, to the extent that petitioner's jurisprudence degree may have been helpful for his work as a tutor, he has not met the burden of proving that the education expenses were reasonable in relation to their purpose. Petitioner earned approximately $48,000[11] in income as a tutor in 2013 and seeks to deduct $31,812 in education expenses. Petitioner asserts that critical reasoning skills relate to the LSAT and GMAT exams, but it is unclear how much of his time was spent tutoring students for those two exams compared to the other five exams.[12] Additionally, similar to the taxpayer in Boser, it appears that petitioner could have secured his desired training in a simpler and less expensive manner; for example, instead of traveling to England to obtain a jurisprudence degree, petitioner could have taken courses to develop critical reasoning skills at COC or CSUN. See Boser v. Commissioner, 77 T.C. at 1125-1129, 1133.

---

[11]$35,437 in wages + $14,438 Schedule C gross receipts = $49,875 total income. Petitioner earned approximately $1,800 of this total amount as a test proctor. $49,875 − $1,800 = $48,075.

[12]Petitioner tutored students preparing for (1) the SAT exam, (2) the ACT exam, (3) the GRE, (4) the GMAT, (5) the LSAT, (6) the AP history exam, and (7) the AP economics exam. Petitioner did not provide an estimate or breakout of the amount of time he spent tutoring students for the LSAT and the GMAT.

For these reasons, petitioner has not met his burden of proving that the expenses were reasonable in relation to their purpose and therefore necessary. See Commissioner v. Heininger, 320 U.S. at 471, 475; Heineman v. Commissioner, 82 T.C. at 543; Boser v. Commissioner, 77 T.C. at 1131-1133.

B.      Maintains or Improves Skills

Section 1.162-5(a), Income Tax Regs., permits a deduction for education expenses for education that (1) maintains or improves skills required by the taxpayer in his employment or (2) meets the express requirements of the taxpayer's employer, or of applicable law or regulations, imposed as a condition to the retention by the taxpayer of an established employment relationship, status, or rate of compensation. Expenses that fall into either of these categories are nevertheless not deductible if the education: (1) is necessary to meet the minimum education requirements for qualification in the taxpayer's employment or (2) qualifies the taxpayer for a new trade or business. Sec. 1.162-5(b), Income Tax Regs.

Whether education maintains or improves skills required by the taxpayer in his employment is a question of fact. Boser v. Commissioner, 77 T.C. at 1131; Scully v. Commissioner, T.C. Memo. 2013-229, at *9. For educational expenses to be deductible as business expenses, there needs to be a direct and proximate

relationship between the education and the skills required for the taxpayer's job; however, a precise correlation is not necessary. Boser v. Commissioner, 77 T.C. at 1131; Scully v. Commissioner, at *9; Jorgensen v. Commissioner, T.C. Memo. 2000-138, 2000 WL 375231, at *4; see also Gore v. Commissioner, T.C. Memo. 1973-99, 1973 WL 2299 (rejecting the taxpayer's argument that because his law degree gave him additional prestige and would improve his résumé the expenses incurred in obtaining the degree should qualify as work-related educational expenses).

Petitioner has not asserted nor does the record reflect that his jurisprudence degree met the express requirements of his employer or of applicable law or regulations imposed as a condition of the retention of his current employment; in fact, none of the test preparation companies that he worked for were even aware that he was pursuing a jurisprudence degree. See sec. 1.162-5(a)(2), Income Tax Regs.

Petitioner also has not met his burden of proving that his jurisprudence degree maintained or improved skills required by his work as a tutor and test proctor. Of the various examinations for which petitioner provided tutoring services, none tests on the law, specifically British law, which was the focus of petitioner's studies at St. John's. Additionally, petitioner did not provide specific

reasoning or examples to show how his studies at St. John's maintained or improved the critical reasoning skills he had developed from his prior studies and work experience. See Scully v. Commissioner, at *10-*11; Jorgensen v. Commissioner, 2000 WL 375231, at *5. Thus, petitioner did not establish a direct and proximate relationship between his education at St. John's and the skills he used as a tutor and test proctor. See Boser v. Commissioner, 77 T.C. at 1131; sec. 1.162-5(a)(1), Income Tax Regs. For these reasons, we conclude that petitioner has not met his burden of proving that his jurisprudence degree maintained or improved skills required by his employment as a tutor and test proctor.

C.     Conclusion

As we have concluded that petitioner is not entitled to any of the claimed deductions because he has not met the burden of proving that (1) they are for ordinary and necessary business expenses and (2) the expenses contributed to maintaining or improving the skills required by his activity as an independent contractor or as an employee, as discussed herein, we need not and do not consider the issue of whether petitioner's jurisprudence degree qualified him for a new trade or business. Additionally, we need not and do not determine whether and to what extent any of the underlying expenses would relate to petitioner's work as an employee and thus would be properly deductible as an unreimbursed employee

business expense on Schedule A, subject to the applicable limitations discussed

supra.  See secs. 62(a)(2), 63(a), (d), 67(a) and (b), 162(a), 68, 56(b)(1)(A)(i).

III.    Education Credits

Petitioner asserts, in the alternative, that he may be eligible for the

American Opportunity Credit or the Lifetime Learning Credit.  Respondent

concedes that petitioner may be eligible for the Lifetime Learning Credit.

Section 25A authorizes education tax credits, including the Lifetime

Learning Credit (prescribed in subsection (c)) and the American Opportunity

Credit (prescribed in subsection (i)), the latter representing a modified version of

the Hope Scholarship Credit prescribed in subsection (b).[13]  The tax credits are

available to taxpayers who pay qualified tuition and related expenses for education

furnished to an eligible student.

The American Opportunity Credit provides for a credit against tax equal to

100% of qualified tuition and related expenses paid by a taxpayer during the

taxable year up to $2,000, plus 25% of such expenses paid that exceed $2,000 but

do not exceed $4,000, allowing for a maximum credit of $2,500.  Sec. 25A(i)(1).

Up to 40% of the credit may be refundable.  Id. para. (5); see Lara v.

---

[13]Sec. 25A was enacted as part of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, sec. 201(a), 111 Stat. at 799.

Commissioner, T.C. Memo. 2016-96, at *5. The credit is allowed for the first four completed years of postsecondary education for qualified tuition and expenses including required course materials. Sec. 25A(i)(2) and (3). Petitioner did not show that by 2013 he had not completed more than four years of postsecondary education; thus, he is not eligible for the American Opportunity Credit.[14] See id.; see also Rule 142(a); Deputy v. du Pont, 308 U.S. at 493; New Colonial Ice Co. v. Helvering, 292 U.S. at 440.

The Lifetime Learning Credit is less restrictive, providing credit not only for courses that are part of a postsecondary course of study but also for courses taken to acquire or improve an eligible student's job skills. Sec. 25A(c)(2)(B). The Lifetime Learning Credit provides a credit equal to 20% of a taxpayer's first $10,000 in eligible tuition and related expenses for each tax year after 2002. Id. para. (1). The statute defines "qualified tuition and related expenses" to include tuition and fees at an eligible educational institution that the taxpayer, the taxpayer's spouse, or the taxpayer's dependent attends, as well as course materials. Id. subsecs. (f)(1), (i)(3). Unlike the American Opportunity Credit, the Lifetime

---

[14]While the record reflects that petitioner attended classes at three postsecondary institutions (COC, CSUN, and St. John's) for a number of years beginning in 2004, it has not been established that petitioner had "completed" more than four years of postsecondary education before 2013.

Learning Credit is not limited as "to the number of taxable years that a taxpayer may claim * * * [it] with respect to any student." Sec. 1.25A-4(b), Income Tax Regs.

Petitioner's courses at St. John's were part of a postsecondary course of study. We find that petitioner paid the following qualified tuition and related expenses to St. John's in 2013: (1) the "College Fee 2013/2014" of £6,465 and (2) the "University Fee 2013/2014" of £13,860.[15] Therefore, we conclude that petitioner is entitled to a Lifetime Learning Credit equal to 20% of the first $10,000 in eligible tuition and related expenses he paid in 2013. See sec. 25A(c), (f)(1), (i)(3); sec. 1.25A-4(b), Income Tax Regs.

IV.    Accuracy-Related Penalty

Respondent determined that petitioner is liable for the section 6662(a) accuracy-related penalty. Petitioner asserts that he consulted Publication 970, Tax Benefits for Education, while preparing his 2013 Form 1040 and that he had reasonable cause for the underpayment and acted in good faith with respect to it. Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty on any portion of an underpayment of Federal income tax that is attributable to the

---

[15]The parties did not stipulate or otherwise provide the exchange rate to be used to convert U.K. pounds to the U.S. dollar.

taxpayer's "negligence or disregard of rules or regulations" or "substantial understatement of income tax."

An understatement of Federal income tax is substantial if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000.  Sec. 6662(d)(1)(A).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code and any failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence has also been defined as the failure to exercise due care or the failure to do what a reasonable person would do under the circumstances.  See Allen v. Commissioner, 92 T.C. 1, 12 (1989), aff'd, 925 F.2d 348, 353 (9th Cir. 1991); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985).  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

Under section 7491(c), the Commissioner bears the burden of production with regard to penalties.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet that burden the Commissioner must produce sufficient evidence to show that it is appropriate to impose the accuracy-related penalty.  See id.  If the

understatement of income tax for the year in issue is substantial, the Commissioner has satisfied the burden of producing evidence that the penalty is justified.[16]

Once the Commissioner has met his burden, the taxpayer may rebut the evidence that a section 6662(a) accuracy-related penalty is appropriate if he can demonstrate (1) reasonable cause for the underpayment and (2) that he acted in good faith with respect to the underpayment. Sec. 6664(c)(1). A determination of reasonable cause and good faith "is made on a case-by-case basis, taking into account all pertinent facts and circumstances," including: (1) the taxpayer's efforts to assess the proper tax liability and (2) the knowledge and the experience of the taxpayer. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id. Taking into consideration the taxpayer's experience, education, and sophistication, an honest misunderstanding of fact or law may indicate reasonable cause and good faith. Higbee v. Commissioner, 116 T.C. at 449 (citing Remy v.

---

[16]We note that the record is devoid of evidence that respondent complied with the requirements of sec. 6751(b)(1). See Chai v. Commissioner, 851 F.3d 190 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42. Given our ultimate conclusion that petitioner is not liable for the sec. 6662(a) penalty, we need not and do not decide the effect of respondent's failure to provide evidence of the penalty approval.

Commissioner, T.C. Memo. 1997-72). We do not find that it is appropriate to impose the accuracy-related penalty, for the reasons set forth infra.

Petitioner kept adequate records, providing copies of invoices and battel statements from St. John's and bank account statements, and he was also able to provide specific travel dates and other supporting information. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Petitioner consulted Publication 970 and believed that his education expenses were deductible under its guidance. Although petitioner had some undergraduate education at the time he prepared his 2013 Form 1040, he is not a tax professional. The determination of whether education expenses are deductible as ordinary and necessary business expenses under section 162 is a fact-intensive analysis and requires a reference to and analysis of caselaw as more fully discussed in this opinion. See Higbee v. Commissioner, 116 T.C. at 449.

We conclude that petitioner is not liable for the penalty due to negligence under section 6662(a) and (b)(1) for taxable year 2013. Additionally, even if petitioner's understatement is substantial as defined by section 6662(d)(1),[17] we

---

[17]After the allowance of the Lifetime Learning Credit, it is unclear whether petitioner's understatement exceeds the greater of $5,000 or 10% of the tax required to be shown on the return for the year in issue and is a substantial understatement as defined by sec. 6662(d)(1).

conclude that petitioner acted with reasonable cause and good faith in the treatment of his deductions for education expenses for 2013. See sec. 6664(c)(1); sec. 1.6664-4(b)(1), Income Tax Regs.

V.    Conclusion

For the reasons stated above, we conclude that (1) petitioner is not entitled to the claimed deductions for education expenses because he did not meet his burden of proving that they were deductible under section 162; (2) petitioner is entitled to a Lifetime Learning Credit equal to 20% of the first $10,000 in eligible tuition and related expenses he paid in 2013; and (3) petitioner is not liable for the section 6662(a) accuracy-related penalty for 2013.

We have considered all of the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.